| UNITED STATES BANKRUPTCY COURT | Hearing Date: |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: |

---------------------------------------------------------x

In re                                                              Chapter 11

330 NEPTUNE AVENUE CORP.,                   Case No. 10-46716-jf

                       Debtors.

---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE, OR
IN THE ALTERNATIVE, CONVERT THIS CASE TO A CASE UNDER
<u>CHAPTER 7, PURSUANT TO 11 U.S.C. § 1112(b)</u>**

Tracy Hope Davis, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of her motion for an order dismissing this chapter 11 case, pursuant to 11 U.S.C. § 1112(b), or in the alternative, converting this case to a case under chapter 7 of the Bankruptcy Code, and respectfully represents as follows:

## I. <u>INTRODUCTION</u>

There is cause to dismiss or convert this case under 11 U.S.C. § 1112(b). Debtor 330 Neptune Avenue Corp. (the "Debtor") has no insurance covering the sole asset of the estate, vacant commercial real estate located at 330 Neptune Avenue, Brooklyn, New York. The owner of the Debtor testified at the meeting of creditors last Friday that the Debtor's property has been vacant and uninsured for at least the past two years and that the Debtor has no insurance for the real property or the estate today. Unless the Debtor provides proof of insurance of the estate and its property, the Court should dismiss, rather than convert, the case because dismissal is in the best interests of creditors and the estate.

## II. <u>STATEMENT OF FACTS</u>

1. On July 16, 2010, the Debtor filed a voluntary chapter 11 petition. ECF No. 1. On September 1, 2010, the Debtor amended its petition to reflect that its case is a "Single Asset Real Estate Case." *See* ECF No. 13.

2. The sole asset of the estate is commercial real property located at 330 Neptune Avenue, Brooklyn, New York (the "Real Property") worth about $750,000, encumbered by a first mortgage of Neptune Funding LLC[1] in the amount of $1,113,380.66 and a second mortgage of Minchas Chinuch in the amount of $2,300,000.00.[2] *See* Schedules A and D, ECF No. 12.

3. Shaul Chazon, president and 50% owner of the Debtor, *see* Statement of Financial Afairs, ¶ 21, ECF No. 12, appeared at the meeting of creditors on September 3, 2010 and testified on behalf of the Debtor, *see* Declaration of Jacqueline A. Frome, dated September 7, 2010, ¶ 2. He testified that the Real Property is a commercial building, that the building is vacant and uninsured, and that it has been vacant and uninsured for at least the last two years. There is no certificate of occupancy for the property, and the previous commercial tenant had to vacate the premises over two years ago. Since then, the Debtor has received no income and has not paid the expenses of the Debtor nor insured the Real Property. Mr. Chazon stated that he has appointments to meet with insurance agents, but had received no insurance quotes and did not know how much it would cost to insure the Debtor and its Real Property, nor did he give any indication of how soon he would be able to obtain insurance, if at all. *Id.*

4. Counsel for Neptune Funding LLC, the first mortgage lien holder, appeared at the meeting and testified that Neptune Funding LLC has no insurance for the Real Property. *See* Frome Decl., ¶ 3.

5. The United States Trustee has been unable to appoint a committee of unsecured creditors.

---

[1] Neptune Funding LLC is successor to Banco Popular, having purchased the note from Banco Popular. Banco Popular had a foreclosure judgment of $1.3 million prior to selling the note to Neptune Funding.

[2] The owner's of the Debtor purchased property in Florida through another corporate entity and cross-collateralized the lien on the Florida property against the Debtor's property.

6. The United States Trustee has not appointed a chapter 11 trustee and the Debtors remains debtors-in-possession.

## III.  ARGUMENT

### A. Cause Exists to Dismiss This Chapter 11 Case

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the Court <u>shall</u> convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."[3] 11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) lists provides fifteen examples of cause, including

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> 
> \*\*\*
> 
> (C) failure to maintain appropriate insurance that poses a risk to the estate or the public; . . .

11 U.S.C. § 1112(b)(4). The list of factors is non-exclusive. *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). *See also In re State Street Assoc., L.P.,* 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting that Section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. *See In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *1031 Tax Group*, 374 B.R. at 93; *cf. In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or *sua sponte* upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b).).

---

[3] *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

Unless the Court specifically finds special circumstances, the case <u>shall</u> be converted or dismissed. 11 U.S.C. §1112(b)(1) (emphasis added). To maintain the case in chapter 11, the debtor or another party in interest must establish that there is a reasonable likelihood that a plan will be confirmed within the time-frames established in 11 U.S.C. § 1121(e) and 1129(e), or within a reasonable period of time. 11 U.S.C. §1112(b)(2). *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 561 (Bankr.M.D.Pa. 2007). To the extent that the grounds for cause involved an act or omission of the debtor (other than those grounds under 1112(b)(4)(A)), the debtor or other party in interest must show that there exists a reasonable justification for the act or omission and that it will be cured within a reasonable period of time fixed by the Court. 11 U.S.C.§1112(b)(2).

### 1. The Debtor's Failure to Maintain Appropriate Insurance That Poses a Risk to the Estate and the Public.

Cause to convert or dismiss exists under section 1112(b)(4)(C) because the Debtor has no business liability insurance and has no insurance for the sole asset of the estate, vacant, commercial real property located at 330 Neptune Avenue, Brooklyn. *See* Frome Decl., ¶ 5. In the landmark case of *Reading Co. v. Brown*, 391 U.S. 471, 783-484, 88 S.Ct. 1759, 1766 (1968), the United States Supreme Court held that post-petition tort claims are entitled to administrative priority. Courts in the Second Circuit have held that *Reading Co. v. Brown* remains viable under sections 503 and 507 of the Bankruptcy Code. In *In re Enron*, 2003 WL 1562201, (Bankr. S.D.N.Y. March 17, 2003), the Bankruptcy Court considered whether a claim based on a post-petition conversion of a commodity is entitled to administrative expense priority. In *Enron*, the Bankruptcy Court adopted the holding of *Reading Co. v. Brown* and held that, "claims based on tort resulting from the post-petition operation of a debtor's business are entitled to payment prior to payment of those creditors who were meant to benefit from the business's continued operation." *Id.* at *8. "Insuring estate property against loss or destruction is one of the

fundamental [fiduciary duties of debtors in possession]." *In re Campbell-Erskin Appothecary, Inc.*, 302 B.R. 169, 174 (Bankr. W. D. Pa. 2003). Failing to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause under section 1112(b)(4)(C). *In re Daniels*, 362 B.R. 428, 435 (Bankr. S. D. Iowa 2007).

Thus, failing to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause under section 1112(b)(4)(C). *In re Daniels*, 362 B.R. 428, 435 (Bankr. S. D. Iowa 2007). The Debtor's failure to obtain liability insurance poses risks to the estate and the public and constitutes cause for dismissal of this case under 11 U.S.C. § 1112(b)(4)(C). *See Campbell-Erskin*, 302 B.R. at 174 (lack of insurance constitutes cause under Section 1112(b) because it poses risk to the estate and injured third parties could assert administrative claims for negligence). Unless the Debtor provides proof of adequate insurance coverage by the hearing on this motion, the Court should dismiss the case under section 1112((b)(4)(C). *See Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC)*, 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); *In re Daniels*, 362 B.R. at 435 (attorney's failure to maintain malpractice insurance was cause to convert case to chapter 7).

### B. Dismissal is in the Best Interests of Creditors

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors." 11 U.S.C. § 1112(b). *See also In re Gonic Realty Trust*, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). There are no unencumbered assets in this case and no equity in the estate's sole asset. The case should be dismissed so that the creditors can pursue their state court remedies. Accordingly, the United States Trustee recommends dismissal of the

case as being in the best interests of the Debtor's creditors and the estate.

### IV. NOTICE

Due to the urgency of the matter, the United States Trustee is moving by Order to Show Cause and will serve the Notice of Motion, this Memorandum of Law, and the Frome Declaration upon the Debtor sand Debtor's counsel, parties who have filed Notices of Appearance in the case, and all creditors and parties in interest by facsimile, email or overnight mail, as set forth in the Notice of Order to Show Cause. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

### V. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting the relief requested herein, and granting other and further relief as is just and proper.

Dated: Brooklyn, New York  TRACY HOPE DAVIS
       September 7, 2010  UNITED STATES TRUSTEE
                                          REGION 2

                                      By:   */s/ Jacqueline A. Frome*
                                                Jacqueline A. Frome (JF-8580)
                                                Trial Attorney
                                                271 Cadman Plaza East
                                                Room 4529
                                                Brooklyn, New York 11201
                                                Phone: (718) 422-4960
                                                Fax: (718) 422-4990
                                                Email: jacqueline.a.frome@usdoj.gov