UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE

330 NEPTUNE AVENUE CORP.,                           Chapter 11

         Debtor.   Case No.: 1-10-46716-jf

---

# AFFIRMATION IN FURTHER SUPPORT OF THE UNITED STATE'S TRUSTEE'S MOTION TO DISMISS THE CHAPTER 11 CASE SUBMITTED BY CREDITOR NEPTUNE FUNDING LLC, AS SUCCESSOR IN INTEREST TO BANCO POPULAR NORTH AMERICA

Michael N. Coritsidis, an attorney duly admitted to practice law in the Courts of the State of New York, and the Southern and Eastern Districts of New York of the United States District Court, under penalty of perjury, hereby affirms as follows:

1.  I am a member of Coritsidis and Lambros, PLLC, counsel to Creditor Neptune Funding LLC ("Claimant"), as successor in interest to Banco Popular North America ("Banco Popular"). This firm and I have acted as counsel for Claimant in the acquisition, by Claimant, of the mortgage loan and judgment in foreclosure previously held by Banco Popular, and as such am familiar with the facts herein.

## Background

2.  Banco Popular held a first mortgage position on Debtor's sole asset, a commercial building located at 330 Neptune Avenue, Brooklyn, New York 11235 (the "Property").

3.  Debtor defaulted under its mortgage, and Banco Popular commenced an action to foreclose the Property, entitled <u>Banco Popular North America v. 330 Neptune Avenue Corp., et al</u> filed

in the Kings County Supreme Court under Index No. 19599/08. A judgment of foreclosure and sale was entered against Debtor, pursuant to the Action.

4. The sale of the Property, pursuant to the Foreclosure Judgment, was scheduled for July 22, 2010.

5. Debtor filed for bankruptcy on July 16, 2010, less than a week prior to the scheduled sale, and thereby stopped the sale

6. Claimant purchased the mortgage loan, now reduced to a judgment of foreclosure on or about July 19, 2010, including the foreclosure action and judgment relating thereto (see Exhibit 1). At the time of the purchase, Claimant was not aware of the filing; and upon information and belief, based upon discussions had with Banco Popular's officers and counsel, Banco Popular was not aware either.

## The US Trustee's Motion to Dismiss Should Be Granted

7. This is a typical "single asset real estate" case, where debtor owns a single property or project (other than residential real property), the operation of which generates substantially all of the debtor's gross income, and on which no "substantial" business is being conducted other than the operation of the realty property activities related to it.11 U.S.C.A. §101 (51(b).

8. Single asset real estate Chapter 11 cases, while not barred, are under constant judicial and creditor fire, and are typically, the cases most likely to suffer immediate assault seeking dismissal as "bad faith" filings. The Eleventh Circuit Court of Appeal has applied a list of factors for a "bad faith" filing in single-asset real estate cases, described as "non-exhaustive and not to be rigidly applied":

(1) the debt has only one asset, the property at issue;
(2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;

(3) the debtor has few employees;
(4) the property is subject to a foreclosure action as result of arrearages on the debt;
(5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and
(6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. In re Phoenix Piccadilly, Ltd., 849 F2c 1393, 1394 (11th Cir. 1988).

9. It is respectably submitted, that these factors are present here, and that the typical assualt on these cases, applies here, i.e. the filing was made only to stay a foreclosure, that no workable alternative exists, so there is no reason to delay the foreclosure. Indeed, there is an inevitability to the dismissal requested herein, since the court must grant relief from the bankruptcy stay to all creditors secured by liens against the real property no later than 90 days after the petition is filed estate.11 U.S.C.A. § 362(d)(3), unless the debtor has filed a plan with a reasonable possibility of being confirmed within a reasonable time, or has begun to make monthly payments to the mortgage creditors in an amount equal to interest at th e nondefault contract rate on the value of the creditor's interest in the real estate.11 U.S.C.A. § 362(d)(3)(B)(ii).

10. The inevitability, is based upon Debtor's own statements in the meeting of creditors. Your Affirmant appeared at the meeting held on September 3, 2010, as recalled in the Declaration of Jacqueline A. Frome, Esq. and your Affirmant's recollection of the testimony adduced there is consistent with Ms. Frome's recollection, in her Declaration and Memorandum of Law. Specifically, too, that Mr. Chazon testified that the property was worth only $750,000, and was encumbered by the Claimant's mortgage and a second mortgage, with the combined obligations totaling over $3,400,000 [1]. Further Mr. Chazon testified that there were no

---

[1] Though Claimant did not agree with such a low appraisal, Claimant agreed that the sum of the mortgages exceeded the value of the Property.

monies available to pay any interest on the secured portion of any mortgage, whether it be $750,000 as he claims or any greater amount. Furthermore, Mr. Chazon testified that though he is in discussions, he has no commitment for any new value to be added to Debtor so as to formulate a plan.

11. As is recalled by Ms. Frome, the second mortgage lien constituted additional collateral imposed upon the property, to secure financing for a property Debtor's affiliates purchased in Florida. Amazingly, Mr. Chazon admitted that this bankruptcy filing, is not for the benefit of the Debtor. Rather, that Debtor hoped to obtain a discount of Claimant's first mortgage position, to benefit the second mortgagee here, so that it can release Debtor's affiliates' property in Florida, to them.

12. In sum, both based upon objective factual considerations, and Mr. Chazon's expressed purpose for the instant filing, this is certainly a bad faith filing. Given that on the return date of this motion, almost seventy (70) days will have elapsed since the filing, any chance of Debtor filing a viable plan, or even, making mortgage payments, seems unlikely.

WHEREFORE, the United States Trustee's motion to dismiss should be granted in every respect.

Dated: New York, New York
September 17, 2010

Michael N. Coritsidis (MNC 3317)
Coritsidis & Lambros, PLLC
Counsel to Creditor Neptune Funding LLC
as successor to Banco Popular North America
46 Trinity Place
New York, New York 10006
(212) 797-4600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X   Index No. 19599/08
BANCO POPULAR NORTH AMERICA,
                                            STIPULATION AND
                          Plaintiff,        CONSENT ORDER FOR
        -against-                           SUBSTITUTION OF PARTY
                                            PLAINTIFF,
330 NEPTUNE AVENUE CORP., NEW YORK          SUBSTITUTION OF
STATE DEPARTMENT OF TAXATION AND            COUNSEL AND AMENDMENT
FINANCE, NEW YORK CITY DEPARTMENT           OF CAPTION
OF FINANCE, SHAUL CHAZON, CONGREGATION
KAHAL MINCHUS CHINUCH,                      Name of Assigned
                                            Justice: Honorable
                          Defendants.       Donald S. Kurtz
----------------------------------------X

WHEREAS, on or about July 19, 2010 (the "Sale Date"), plaintiff, Banco Popular North America ("BPNA" or "Seller") sold the loan (the "Loan"), that is secured by the property known as 330 Neptune Avenue, Brooklyn, New York (the "Property"), which is the subject of the Action (as more particularly described in the complaint on file in the Action, and together with all, notes, mortgages, guarantees and other instruments evidencing or securing the Loan are hereinafter referred to as the "Loan Documents"), to Neptune Funding LLC (the "Purchaser") pursuant to that certain loan sale agreement (the "Agreement");

WHEREAS, pursuant to the Agreement, Purchaser assumed and agreed to make payment of all obligations, costs and expenses related to the Action from and after the Sale Date, including those related to any receiver;

WHEREAS, Purchaser shall be substituted in the Action such that Purchaser will be substituted as plaintiff in the place and stead of BPNA;

WHEREAS, the Court shall amend the caption to reflect Purchaser as the plaintiff in this action; and

**EXHIBIT 1**

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed to by and among the parties hereto as follows:

1. Purchaser acknowledges its liability to pay any and all costs and expenses related to the Action, from and after the Sale Date, including, but not limited to, any costs, expenses, fees and commissions of any receiver, any managing agent and any attorneys hired by any receiver.

2. The parties hereto hereby consent that Purchaser shall be substituted in the Action such that Purchaser will be substituted as plaintiff in the place and stead of BPNA, and that the Court shall amend the caption to reflect Purchaser as the plaintiff in this action so that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
NEPTUNE FUNDING LLC,

                    Plaintiff,

-against-

330 NEPTUNE AVENUE CORP., NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, SHAUL CHAZON,
CONGREGATION KAHAL MINCHUS CHINUCH,

                    Defendants.
----------------------------------------X

3. The parties hereto hereby consent that Coritsidis & Lambros, PLLC, located at 46 Trinity Place, 4th Floor, New York, New York 10006, be substituted as attorneys of record for plaintiff in the Action in place and stead of Jaspan Schlesinger LLP as of the

date hereof.

4. The parties hereto hereby request that this Stipulation be "SO ORDERED" by the Court and entered without further notice to the signatories to this Stipulation.

5. This Stipulation may be executed by the parties in multiple counterparts, each of which will be considered an original and all of which, together, will be considered one document. Transmission of a signed copy of this Stipulation by one party (or its counsel) to the other party (or its counsel) by fax, e-mail or similar electronic means will have the same force and effect as delivery of the original, manually-signed counterpart so transmitted.

Dated: _____, New York
July 20, 2010

SO ORDERED:

_____
Donald S. Kurtz, J.S.C.

BANCO POPULAR NORTH AMERICA
Seller
By: _____
Name: Anthony G. Mollo
Title: Vice President

NEPTUNE FUNDING LLC
Purchaser
By: _____
Name: Jerry Papafloratos
Title: Member

ADDITIONAL SIGNATURES ON FOLLOWING PAGE

JASPAN SCHLESINGER LLP
Attorneys for Plaintiff

By: _____
ANTONIA DONOHUE, ESQ.
300 Garden City Plaza
Garden City, NY 11530
(516) 393-8217

CORITSIDIS & LAMBROS, PLLC
Attorneys for Purchaser

By: _____
MICHAEL CORITSIDIS, ESQ.
46 Trinity Place, Floor 4
New York, New York 10006
(212) 505-1800

# AFFIDAVIT OF SERVICE BY MAIL

Crystal Williams being sworn deposes and says: I am not a party to this action and I am over 18 years of age.

On September 17, 2010, I served the within **Affirmation of Michael N. Coritsidis dated September 17, 2010,** upon the following parties or attorneys in this action, at the addresses stated below, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depositary under the exclusive care and custody of the United States Postal Service within the State of New York.

Wilmer Hill Grier
Attorney for Debtor
330 Neptune Avenue Corp
823 Jefferson Avenue
Brooklyn, New York 11201

Tracy Hope Davis
United States Trustee For Region 2
Attention: Jacqueline A. Frome, Esq.
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

Crystal Williams

Sworn to before me on
this 17th day of September, 2010

Notary Public

Jeffrey Gangemi
Notary Public, State of New York
No. 02GA6027549
Qualified in Kings County
Commission Expires July 6, 2011

O:\Docs2010\Theodoropoulos\Neptune\Service.Mail (Affirmation).wpd